**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DAVID WALDING, ET AL. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-08-CV-0124-XR |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

**SCHEDULING AND**
**DOCKET CONTROL ORDER[1]**

The disposition of this case will be controlled by the following order. If a deadline set forth in this Order falls on a weekend or holiday, the effective day will be the next business day.

**DISCLOSURE STATEMENT**

Any nongovernmental corporate party must file its Fed. R. Civ. P. 7.1 Disclosure Statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. If any required information changes, any nongovernmental corporate party must promptly file a supplemental statement.

**RULE 26 ATTORNEY CONFERENCE**

If not already held, the parties must conclude the Rule 26(f) conference no later than 14 days from the date this Order is signed.[2]

**INITIAL DISCLOSURES**

If not already exchanged, the parties must serve the Rule 26(a)(1) initial disclosures on each other no later than 14 days from the date this Order is signed.

---

[1]This order replaces Appendix "B" described in Western District of Texas Local Rule CV-16(a). Additional guidance can be found at http://www.txwd.uscourts.gov/general/judges/docs/sanantonio/rodriguez.pdf.

[2]The parties are encouraged to use Fed. R. Civ. P. Form 52 during their Rule 26 "meet and confer" conference. The Form 52 Report may, but is not required to, be filed.

**INITIAL PRETRIAL CONFERENCE**

An initial pretrial conference pursuant to Fed. R. Civ. P. 16 will not be scheduled at this time.  However, if a party believes that a conference with the Court would be of assistance in resolving discovery or case management issues, the party should file a motion with the Court requesting a pretrial conference.  The parties shall confer on the substance of any disputes prior to the filing of any motion for a pretrial conference.

**DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)**

The parties shall conform to the principles set forth in the Addendum to this Order, regarding the request for and exchange of ESI.

**STIPULATED ORDER REGARDING INADVERTENT PRODUCTION**

The Court encourages the parties to consider filing a proposed agreed order, pursuant to Fed. R. Civ. P. 26(c), that a party does not waive the attorney-client privilege or the attorney work-product privilege by inadvertently producing privileged or work-product documents.

**RULE 12 MOTIONS**

*Twombly* motions (motions to dismiss for failure to state a claim) and motions for more definite statement generally lack merit and should be filed sparingly.  Upon the filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), all discovery shall be stayed during the pendency of the motion.  A party opposing the motion may file a motion seeking a lift of such a stay, specifying what discovery is necessary to respond to the Rule 12 motion.

**MOTIONS FOR LEAVE TO AMEND PLEADINGS**.

Parties filing motions after the deadlines in this section must show good cause.

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is **September 30, 2012.**

The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is **December 31, 2012.**

**EXPERTS**

The deadline for a party seeking relief to identify and exchange expert reports pursuant to Fed. R. Civ. P. 26(a)(2) is **May 31, 2012**.

The deadline for a party to identify and exchange expert reports in support of its defense(s) pursuant to Fed. R. Civ. P. 26(a)(2) is **July 15, 2012.**

**SUPPLEMENTATION**

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **July 22, 2012.**

**WITNESS LIST, EXHIBIT LIST AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is **August 27, 2012.**

The deadline for filing objections under Rule (26)(a)(3) is **September 4, 2012.**  Any objections not made will be deemed waived.

**COMPLETION OF DISCOVERY**

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is **September 30, 2012.**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) REPORT**

The deadline for filing an ADR Report as specified in TXWD Local Rule CV-88(b) is **November 30,  2012**.  If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause.  The deadline to file motions (including dispositive motions) is **October 30, 2012 .**  This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity.[3]  Leave of court is automatically given to file motions not to exceed 30 pages in length.[4]  With regard to motions for summary judgment, the response shall be due fourteen days after the motion is served and the reply shall be due seven days after the response is served.  These deadlines control in lieu of TXWD Local Rule CV-7, and Rule 6(d) shall not apply for service via CM/ECF.

---

[3]This supersedes the deadline specified in TXWD Local Rule CV-12.

[4]This supersedes the page limit specified in TXWD Local Rule CV-7(c).

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is **January 2, 2013.**

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction.  If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of stipulated facts;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered.  Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference.  The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on **January 16, 2013 at 9:30 a.m.**  Motions in limine, if any, will be heard on this date.  Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order.  Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Jury Selection/Trial Date is **January 28, 2013 at 9:30 a.m.**

**REDACTION OF CERTAIN MATERIAL**

Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory.  Accordingly, counsel should ensure that appropriate redactions are made.

It is so ORDERED.

SIGNED this 1st day of November, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

**ADDENDUM: DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)**[5]

**§ 1.01** *Purpose*

The purpose of this Addendum is to secure the just, speedy, and inexpensive determination of every civil case, and to promote, whenever possible, the early resolution of disputes regarding the discovery of ESI without Court intervention.

**§ 1.02** *Cooperation*

An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs.

**§ 1.03** *Discovery Proportionality*

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

**§ 2.01** *Duty to Meet and Confer on Discovery and to Identify Disputes for Early Resolution*

(a) At the Rule 26 Attorney Conference (and thereafter as necessary), counsel shall meet and discuss the following:

> (1) the identification of relevant and discoverable ESI;

> (2) the scope of discoverable ESI to be preserved by the parties;

> (3) the formats for preservation and production of ESI;

> (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; and

> (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Federal Rule of Evidence 502.

(b) Disputes regarding ESI will be resolved more efficiently if, before meeting with opposing counsel, the attorneys for each party review and understand how their client's data is stored and

---

[5]This Addendum derives (with some modifications) from the findings of the Seventh Circuit Electronic Discovery Committee in administering a pilot program.

retrieved in order to determine what issues must be addressed during the Rule 26  meet and confer conference.

## § 2.02 *E-Discovery Liaison(s)*

(a) In some cases, the meet and confer process will be aided by participation of an e-discovery liaison(s).  In the event of a dispute concerning the preservation or production of ESI, each party should consider designating an individual(s) to act as e-discovery liaison(s) for purposes of meeting, conferring, and attending court hearings on the subject.  Regardless of whether the e-discovery liaison(s) is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, the e-discovery liaison(s) should:

> (1) be prepared to participate in e-discovery dispute resolution;
>
> (2) be knowledgeable about the party's e-discovery efforts;
>
> (3) be, or have reasonable access to those who are, familiar with the party's electronic systems and capabilities in order to explain those systems and answer relevant questions; and
>
> (4) be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

## § 2.03 *Preservation Requests and Orders*

(a) Vague and overly broad preservation requests do not help and are therefore disfavored.  Vague and overly broad preservation orders should not be sought or entered.  The information sought to be preserved through the use of a preservation letter request or order should be reasonable in scope and mindful of the factors set forth in Rule 26(b)(2)(C).

(b) To the extent counsel or a party requests preservation of ESI through the use of a preservation letter, such requests should attempt to ensure the preservation of relevant and discoverable information and to facilitate cooperation between requesting and receiving counsel and parties by transmitting specific and useful information.  Examples of such specific and useful information include, but are not limited to:

> (1) names of the parties;
>
> (2) factual background of the potential legal claim(s) and identification of potential cause(s) of action;

(3) names of potential witnesses and other people reasonably anticipated to have relevant evidence;

(4) relevant time period; and

(5) other information that may assist the responding party in assessing what information to preserve.

(c) If the recipient of a preservation request chooses to respond, that response should provide the requesting counsel or party with useful information regarding the preservation efforts undertaken by the responding party.  Examples of such useful and specific information include, but are not limited to, information that:

(1) identifies what information the responding party is willing to preserve and the steps being taken in response to the preservation letter;

(2) identifies any disagreement(s) with the request to preserve; and

(3) identifies any further preservation issues that were not raised.

## § 2.04 *Scope of Preservation*

(a) All parties and their counsel are responsible for taking reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody or control.  Determining which steps are reasonable and proportionate in particular litigation is a fact specific inquiry that will vary from case to case.  The parties and counsel should address preservation issues at the outset of a case, and should continue to address them as the case progresses and their understanding of the issues and the facts improves.

(b) Discovery concerning the preservation and collection efforts of another party may be appropriate but, if used unadvisedly, can also contribute to unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter.  Accordingly, prior to initiating such discovery a party shall confer with the party from whom the information is sought concerning: (i) the specific need for such discovery, including its relevance to issues likely to arise in the litigation; and (ii) the suitability of alternative means for obtaining the information.  Nothing herein exempts deponents on merits issues from answering questions concerning the preservation and collection of their documents, ESI, and tangible things.

(c) The parties and counsel should come to the meet and confer conference prepared to discuss the claims and defenses in the case including specific issues, time frame, potential damages, and targeted discovery that each anticipates requesting.  In addition, the parties and counsel should be prepared to discuss reasonably foreseeable preservation issues that relate directly to the information that the other party is seeking.  The parties and counsel need not raise every conceivable issue that may arise

8

concerning their preservation efforts; however, the identification of any such preservation issues should be specific.

(d) The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer or as soon thereafter as practicable:

> (1) "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

> (2) random access memory (RAM) or other ephemeral data;

> (3) on-line access data such as temporary internet files, history, cache, cookies, etc.;

> (4) data in metadata fields that are frequently updated automatically, such as last-opened dates;

> (5) backup data that is substantially duplicative of data that is more accessible elsewhere; and

> (6) other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

(e) If there is a dispute concerning the scope of a party's preservation efforts, the parties or their counsel must meet and confer and fully explain their reasons for believing that additional efforts are, or are not, reasonable and proportionate, pursuant to Rule 26(b)(2)(C).  If the parties are unable to resolve a preservation issue, then the issue should be raised promptly with the Court.

### § 2.05 *Identification of Electronically Stored Information*

(a) At the Rule 26(f) conference or as soon thereafter as possible, counsel or the parties shall discuss potential methodologies for identifying ESI for production.

(b) Topics for discussion may include, but are not limited to, any plans to:

> (1) eliminate duplicative ESI and whether such elimination will occur only within each particular custodian's data set or whether it will occur across all custodians;

> (2) filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and

> (3) use keyword searching, mathematical or thesaurus-based topic or concept clustering, or other advanced culling technologies.

**§ 2.06** *Production Format*

(a) At the Rule 26(f) conference, counsel or the parties should make a good faith effort to agree on the format(s) for production of ESI (whether native or some other reasonably usable form). If counsel or the parties are unable to resolve a production format issue, then the issue should be raised promptly with the Court.

(b) Generally, the requesting party is responsible for the incremental cost of creating its copy of requested information.  Counsel or the parties are encouraged to discuss cost sharing for optical character recognition (OCR) or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each party.