UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| E.A.F.F., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | Civil Action No:  SA-08-CA-124-XR |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On this date, the Court considered the Bill of Costs (docket no. 356) filed by the federal Defendants in this case.  The Court requires further briefing from the federal Defendants regarding requested copy costs.

Defendants seek "fees for exemplification and copies of papers necessarily obtained for use in the case" in the amount of $65,067.09.  This amount includes two bills for $64,957.33 and $109.76 listed as "scanning of ORR documents for production."[1]  Defendants state that the invoices reflect "the fees paid for scanning ORR documents for electronic production in this case."  Defendants argue that electronic scanning and imaging of paper documents is the modern-day equivalent of exemplification and copies of paper, and that the cost for scanning 442,855 pages comes to just over 14 cents per page.

Plaintiffs argue that Defendants have not shown that the scanning expenses were necessarily obtained for use in the case, and were instead either "merely for discovery" or for the convenience of counsel.  Plaintiffs contend that these scanning costs "plainly cover all discovery and not the

---

[1] ORR is the federal Office of Refugee Resettlement.

1

documents needed for summary judgment." Obj. at 11.  Plaintiffs assert that Defendants seeks costs for scanning 442,855 pages of documents, but have failed to show what these pages were or which pages were necessary to produce its summary judgment exhibits.

Plaintiffs' first argument is that the copies are not sufficiently identified.  However, Plaintiffs misconstrue these costs.  These are not unidentified photocopy costs.  Attorney Laura Smith's Affidavit indicates that these expenses were for scanning ORR documents for electronic production, and she states that the United States produced 442,855 pages of ORR documents.  Thus, Defendants have sufficiently identified these documents and their purpose in the litigation.  Failure to provide an itemized list of the documents or pages copied does not necessarily defeat an award of costs.  *See United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574-75 (5th Cir. 2005); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 484 (5th Cir. 2002).  This case involved voluminous discovery production.  *See, e.g.*, docket no. 186 (Plaintiffs stated that they received approximately 425,000 pages of documents from the United States).  Plaintiffs do not refute Ms. Smiths's sworn statement that these expenses were generally for scanning documents for production or that 442,855 pages of documents were produced.

Plaintiffs raise two additional challenges to these costs - they contend that copies made in responding to discovery are not recoverable costs and they argue that scanning and electronic production were for convenience and thus not necessary.  The Court addresses each argument in turn.

The costs of copying documents in response to discovery requests are generally recoverable under § 1920(4), so long as the prevailing party demonstrates that the copies were necessarily obtained for use in the case.  Plaintiffs argue that copy costs that "are merely for discovery" are not recoverable under § 1920.  Thus, Plaintiffs contend, "[a]bsent proof that documents were produced

2

in anticipation of use as summary judgment evidence, expenses for documents that are merely produced in discovery are not recoverable." Obj. at 13.  In support, Plaintiffs cite a number of cases from outside the Fifth Circuit, as well as *Rundus v. City of Dallas*, 634 F.3d 309 (5th Cir. 2011), and argue that copy costs incurred in responding to discovery are not recoverable.

The district court in *Rundus* held that "[t]he costs of copying documents produced to the opposing party during discovery are 'necessarily obtained' for use in the litigation and are taxable." *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519, at *2 (N.D. Tex. Nov. 2, 2009).  The plaintiff and the City agreed that the City would produce its responsive documents in electronic format, and the City arranged for its paper documents to be converted into text-searchable electronic files through OCR.  *Id.*  After reviewing the City's electronic production, plaintiff's counsel printed, at plaintiff's expense, those files it found necessary for presentation of his case.  *Id.* After the defendants prevailed, the plaintiff argued that costs incurred in responding to his discovery requests were not taxable because defendants failed to produce their original documents for inspection before making any copies or converting any files.  *Id.* at *3. The plaintiff also argued that the copies and electronic files were made merely for convenience and were not necessarily obtained for use in the case because defendants already had the originals in their possession and did not use the copies in defending the action.  The district court concluded that documents requested by an opposing party in discovery are necessarily obtained for purposes of awarding costs, that the copies of documents and electronic files for which the defendants sought recovery were responsive to the plaintiff's discovery requests and were actually produced, and that "[r]ecent decisions accounting for technological advances in document storage and retrieval have found that scanning documents is 'the modern-day equivalent' of 'exemplification and copies' of paper."  *Id.* (listing cases).

On appeal, the plaintiff argued that the district court erred in ordering him to pay the costs incurred in copying documents that he requested in discovery.  The Fifth Circuit recognized that it had previously considered "whether, at the conclusion of the trial stage of litigation, discovery costs can be assessed against the losing party," and had "expressly held that the trial court can assess such costs." *Rundus*, 634 F.3d at 316 (citing *Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964)).  Although the Fifth Circuit acknowledged that copy costs incurred "merely for discovery" are not "necessarily obtained for use in the case," such costs "are recoverable if the party making the copies has a reasonable belief that the documents will be used 'during trial or for trial preparation.'" *Id.*  As a result, the Fifth Circuit held that the trial court did not abuse its discretion by assessing copy costs in preparing discovery responses against the losing party.

In addition to *Rundus*, there are numerous cases upholding the award of copy costs (both paper and electronic) related to discovery production under § 1920(4).  In *Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013), the Fourth Circuit recently rejected the argument that § 1920(4) "applies only to the costs related to materials attached to dispositive motions or produced at trial" given the broad language "for use in the case."  *Id.* at 257.  The Fourth Circuit further noted that "several circuits have found that § 1920(4) includes discovery-related costs" and that "the plain language and weight of authority establish that the costs of exemplifications and copies in discovery are taxable under § 1920(4)."  *Id.* at 257-58 & n.9 (listing cases).

Copies need not be introduced into evidence at trial or attached to a dispositive motion for the copies to be necessarily obtained for use in the case.  *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). The discovery production at issue here was necessary for determination of the

jurisdictional issues as well as the merits, and much of this discovery was expressly authorized by the Court. *See* docket no. 127. The Court finds that the copies were obtained for use during trial or trial preparation and thus were necessarily obtained for use in the case.

Plaintiffs further take issue with the electronic production, arguing that the scanning expenses were for the convenience of counsel. Plaintiffs state that they permitted Defendants to choose the form of production, the federal Defendants chose scanning under Rule 34(b)(2)(E)(i), and counsel all "agreed to scanning for their own convenience, to avoid the logistical difficulties of in-person review or physical copying and mailing, and critically, to have searchable documents." Obj. at 14. Plaintiffs state that they "did not agree to have 'optical character recognition' (OCR) programs run on the scanned documents (or pay for this) because Plaintiffs' counsel have in-house batch-OCR capacity."[2] *Id.* Plaintiffs thus assert that "[t]he decision to scan and then OCR the documents was accomplished for the convenience of defense counsel to help them select a much smaller set of documentary evidence that would be 'necessarily obtained for use in the case.'" *Id.*

The 2008 amendments to § 1920(4) replaced "copies of papers" with "the costs of making copies of any materials," where the copies are necessarily obtained for use in the case. Thus, "the taxable costs of making copies are no longer limited to just paper copies." *Eolas Tech., Inc. v. Adobe Sys.*, Inc., 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012). Since the amendments, courts have reached different conclusions regarding whether certain types of electronic discovery costs may be recovered.

District courts within the Fifth Circuit have generally held that scanning of documents to

---

[2] OCR is "[a] technology process that translates and converts printed matter on an image into a format that a computer can manipulate . . . and, therefore, renders that matter text searchable." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 162 n.6 (3d Cir. 2012). OCR is generally used to render searchable documents maintained in hard copy format and scanned into a computer. *Proctor & Gamble Co. v. S.C. Johnson & Son, Inc.*, No. 9:08-CV-143, 2009 WL 440543 (E.D. Tex. Feb. 19, 2009).

create digital duplicates amounts to "making copies of materials."  *See U.S. ex rel. DeKort v. Inegrated Coast Guard Systems, LLC*, No. 3:06-cv-1792-O(BF), 2013 WL 1890283, at *3 (N.D. Tex. Mar. 27, 2013) ("[C]ourts have allowed parties to recover the costs of converting paper documents into electronic files where responsive discovery documents were produced in an electronic format.");  *Fast Memory Erase, LLC v. Spansion, Inc.*, NO. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *5 (N.D. Tex. Nov. 10, 2010) (Magistrate Judge recommendation) ("[C]ourts have allowed a prevailing party to recover the costs of converting paper documents into electronic files where the parties agreed that responsive documents would be produced in an electronic format.");  *Neutrino Dev. Corp. v. Sonosite, Inc.*, No. H-01-2484, 2007 WL 998636, at *4 (S.D. Tex. Mar. 30, 2007).  In *Structural Metals, Inc. v. S&C Elec. Co.*, No. 09-CV-984-XR, 2013 WL 3790450, at *8 (W.D. Tex. July 19, 2003), this Court also held that scanning of documents is the equivalent of making copies for purposes of costs.  Further, *Rundus* indicates that the costs of scanning to produce documents in electronic format (as opposed to paper copies or making the documents available for inspection and copying), when agreed upon by the parties, may be taxed against the losing party.

These decisions are consistent with those of other appellate courts that have considered the issue.  In *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012), the Third Circuit held that "scanning and file format conversion can be considered to be 'making copies'" but other electronic discovery vendors' activities (including collecting and preserving ESI; processing and indexing ESI; and keyword searching of ESI for responsive and privileged documents) are generally not regarded as exemplification or making copies for which costs may be awarded.  Under *Hoosier Racing*, costs for document collection, processing, and hosting are not recoverable.  Similarly, the Federal Circuit has limited an award of costs to those activities that can

fairly be characterized as "making copies." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013); *see also id.* at 1333 (describing holdings of Fourth Circuit, Sixth Circuit, and Seventh Circuit).

Defendants seek costs for "scanning of ORR documents for production" in the amounts of $64,957.33 and $109.76. Laura Smith's affidavit states that the costs are for "scanning of ORR documents for production." This indicates that Defendants scanned paper documents into electronic format, an activity that this Court finds to be equivalent to "making copies." However, the attached invoices indicate that the costs may include more than just scanning.

The smaller invoice includes two separate costs: $92.12 for "document acquisition" described as "scan to digital image" and $17.64 for "document processing" described as "OCR Surcharge." The larger invoice reflects a charge of $64,957.33 for "document processing" described as "Leased Space/Other Dir." Thus, this invoice may include other costs such as hosting. Because at least some of the requested costs are for scanning or "making copies," however, the Court will permit Defendants to supplement their Bill of Costs to specifically identify which portion of this invoice is for scanning/making copies or to clarify that the entire cost is, in fact, for scanning/making copies. Defendants shall file supplemental briefing no later than **May 8, 2014.**

SIGNED this 23rd day of April, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

7